LEINHARD v. MEYER ET AL.

———

(June 10, 1929.  Opinion and Decree.)

———

Eloi L. Bordelon and Louis R. Hoover, of New Orleans, attorneys for plaintiff, appellee.

J. Olin Chamberlain, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. Plaintiff sues defendants, one as architect and contractor and the other as surety, in solido, for damages resulting from the defective construction of a duplex apartment under a written building contract. The building was constructed of hollow tile, stuccoed on the outside and plastered on the inside. The defendant, Meyer, was the contractor and also the architect who drew the plans and specifications for plaintiff.

Plaintiff claims in his petition the sum of $1,655 for damages caused by leaks in the walls and around the windows of the said building, due to faulty construc-tion. Defendant, Meyer, denied liability and specially pleaded that the leaks were caused by the improper laying of the hollow tiles, as ordered by plaintiff's superintendent or expert, and reconvened for the sum of $136 for extra work.

The defendant bonding company denied liability and called in warranty the said contractor, in accordance with the provisions of the bond and contract.

There was judgment in favor of plaintiff and against defendants, in solido, for $1,-655; also judgment in favor of defendant, Meyer, against plaintiff on reconventional demand for $98.54, and also judgment in favor of defendant bonding company against Meyer, under its call in warranty, for the said sum of $1,655. Defendants appealed.

Plaintiff proved by a preponderance of evidence that the leaks in the walls and around the windows were caused by said contractor's failure to place mortar and cement in the cross joints of the tile, and to the improper application of the stucco to the outside of the hollow tile, and also to the improper installation of the windows. The evidence shows that the leaks complained of were of an unusual and serious nature, and that plaintiff called upon defendant, Meyer, on a number of occasions, to remedy the said defects, who, in response to the said notices, attempted to remedy them, but without success.

We do not find that the laying of the tiles vertically instead of horizontally, as suggested by the expert of the Security Building & Loan Association, which had made the loan to plaintiff for construction of building, and which was a party to the contract, caused the leaks around the windows and in the walls of the building. The suggested change of the tiles

from a horizontal to a vertical position was for the purpose of giving the tile bearing strength, because the walls supported the edifice. The vertical position seems to be the recognized and best way of laying the tile. The leaks around the windows and in the walls were primarily caused by the contractor's failure to apply a proper coat of stucco to the outer walls. The thin coat of stucco permitted the rain to seep through and, there being no cement or mortar in the cross joints of the tile, the water came in contact with the plastering on the walls and around the windows and leaked down upon the floors, causing the damages complained of.

It was the intention of all the parties to the contract that the building should be tenantable and constructed in a workmanlike manner, and of good material such as to resist the usual rains in the locality. The building was not water-proof, as was contemplated by the contract.

Article 2037 of the Revised Civil Code, in discussing obligations, provides that:

"Every condition must be performed in the manner that it is probable the parties wished and intended that it should be."

(Syllabus No. 1):

"The architect who prepared the plans and specifications of a building, and afterwards became the contractor, and agreed with the owner to put up the building according to plans and specifications, is responsible for any defect or insufficiency in the specifications. He cannot escape responsibility for defectiveness of the work by taking the ground that the defect was in the specifications, and not in the work. He is responsible for both. The surety company which signs his bond to guarantee the safe execution of his contract, as an architect and contractor, is equally as responsible as the architect and builder for the defectiveness of the specifications, or the work, where the architect and builder are one and the same person." La. Molasses Co., Ltd., vs. LaSassier et al., 52 La. Ann. 2070, 28 So. 217.

See, also, Levy vs. Schwartz, 34 La. Ann. 209; Lewis vs. Blanchard, 8 Mart. N. S. 290; Rev. Civil Code, articles 1930, 1931.

"Defendants had drawn the plans and specifications. They knew that plaintiff wished to have a tenantable house constructed. She trustingly paid them a large portion of the contract price a day or two after defendants had commenced to work in constructing the building. They owed it to her to use only good, merchantable materials, and to do the whole work in a workmanlike manner. In this there was failure. Instead of the material and the work for which the specifications called, the material, in some respects, must have been of an inferior quality, for on no other theory can the unsatisfactory appearance of the building be accounted for." Sarrazin vs. Alfred A. Adams & Co., 110 La. 124, 34 So. 301.

Defendants, having failed to discharge their obligations under the contract and bond to erect and deliver to plaintiff a sound, water-proof house, due to its faulty construction, are responsible for the damages plaintiff sustained.

The contention of defendants that, as plaintiff did not have the work actually done, but merely had bids made covering the correction of the defects in the building, there was insufficient proof of the damage, is untenable. The record shows that plaintiff obtained three bids and that the lowest bid was for the sum of $1,555 for the walls and windows and $100 for the flooring. The parties who submitted these bids testified as to the reasonableness of that amount to properly repair the building. Defendants failed to rebut this proof. The test is, what would it cost to repair the damage, and plaintiff proved this by a preponderance of the evidence.

For the reasons assigned, the judgment appealed from is affirmed.